IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARTHA ANN BUAZARD                                                           PLAINTIFF

vs.                                            Civil No. 6:14-cv-06064

CAROLYN W. COLVIN                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Martha Ann Buazard ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

On June 21, 2011, Plaintiff protectively filed her disability application. (Tr. 10, 103-104). In this application, Plaintiff alleges being disabled due to high blood pressure. (Tr. 128). Plaintiff alleges an onset date of June 2, 2011. (Tr. 10). Plaintiff's DIB application was denied initially and again upon reconsideration. (Tr. 47-48).

Thereafter, Plaintiff requested an administrative hearing on her application. (Tr. 56-57).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

This hearing request was granted, and an administrative hearing was held on November 8, 2012 in Hot Springs, Arkansas. (Tr. 25-46). At this hearing, Plaintiff was present and was represented by John Yeargan, Jr. *Id.* Plaintiff, a witness for Plaintiff (Plaintiff's mother), and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified she was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 29). As for her education, Plaintiff testified she completed the twelfth grade of high school. *Id.*

On January 25, 2013, the ALJ entered an unfavorable decision. (Tr. 7-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 2, 2011, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension, obesity, headaches with dizziness, chest pain, and left eye pain. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-15, Finding 6). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with restrictions. She is able to occasionally stoop, crouch, crawl and kneel. She is restricted from work involving balancing or climbing. She is restricted from hazards such as unprotected heights, moving machinery or open flame.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found she was unable to perform any of her PRW. (Tr. 16, Finding 6). Then, the ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 16-17, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following unskilled, sedentary jobs: (1) production inspector with 230,000 jobs nationally, 43,000 jobs regionally, and 3,000 jobs locally; and (2) scale operator/weight checker with 200,000 jobs nationally, 38,000 jobs regionally, and 1,500 jobs locally. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from June 2, 2011 through the date of his decision or through January 25, 2013. (Tr. 17, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 1-3). The Appeals Council denied Plaintiff's request for review. (Tr. 7-9). On May 9, 2014, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 23, 2014. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff claims the ALJ did not fully evaluate the medical records and the opinions of her treating physician. ECF No. 10 at 5-8. As such, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. *Id.* In response, Defendant argues the ALJ properly considered the medical records and opinions of Plaintiff's treating physician. ECF No. 11. Defendant argues no remand is required. *Id.*

Upon review of Plaintiff's arguments, it appears she actually raises three claims: (1) whether the ALJ properly considered the medical records from her treating physician, Dr. Matthew Husley, D.O.; (2) whether the ALJ properly considered her Body Mass Index or "BMI"; and (3) whether the ALJ erred in considering her treadmill test from August 8, 2006. ECF No. 10. The Court will consider all three of these claims.

First, Plaintiff claims the ALJ erred in evaluating the opinions of Dr. Husley, her treating physician. ECF No. 10 at 3-5. Dr. Husley has treated Plaintiff since October of 2009. (Tr. 442-524). On October 16, 2012, Dr. Husley wrote a "To whom it may concern" letter addressing Plaintiff's alleged disability. (Tr. 443). In that letter, he found Plaintiff suffers from "severe

5

hypertension, morbid obesity and tobacco abuse." *Id.* He also found that "her hypertension is a disabling condition, and currently prevents her from performing any meaningful work." *Id.* In his opinion, the ALJ fully considered Dr. Husley's findings but decided to discount those findings for the following reasons:

> Although there is sufficient evidence in Dr. Husley's records to restrict the claimant to a reduced range of light work, nothing in the file is consistent with his opinion that she is completely disabled. As noted above, there is little evidence of continued medical care after the period at issue. While the claimant's lack of insurance is a valid concern, there is no evidence that she sought alternative means, including emergency room treatment, financial assistance, or such low-cost options as clinics.

(Tr. 15).

The Court finds the ALJ's reasons for discounting Dr. Husley's findings are sufficient. Indeed, in her briefing, Plaintiff has not demonstrated she has any limitations greater than those found by the ALJ. ECF No. 10. Plaintiff has also not demonstrated *how* Dr. Husley's treatment records demonstrate any greater limitations than those found by the ALJ. *Id.* Finally, as noted by the ALJ, Plaintiff received inconsistent medical care which cannot be excused by her alleged failure to afford that care. *See Riggins v. Apfel,* 177 F.3d 689, 693 (8th Cir. 1999) (recognizing a lack of attempt to find free or low-cost treatment was inconsistent with the alleged degree of pain and disability). Thus, the Court finds no basis for reversal on this issue.

Second, Plaintiff claims the ALJ erred in evaluating her Body Mass Index or "BMI." ECF No. 10 at 5-8. Plaintiff claims the ALJ erred by failing to consider the instances where she qualified under the "extreme obesity" category. *Id.* Upon review, the Court notes that the ALJ did consider Plaintiff's obesity. (Tr. 14-15). Under the Listings, the ALJ is required to consider the claimant's obesity, but the Court cannot find a legal distinction–and Plaintiff has not offered a

distinction–between obesity and "extreme obesity." Thus, it appears the ALJ fully complied with his obligations under the Listings, and the Court finds no basis for reversal on this issue.

Third, Plaintiff claims the ALJ erred in failing to consider the results from her stress test on August 8, 2006. (Tr. 403). This test, however, is dated nearly five years *before* Plaintiff's alleged onset date of June 2, 2011. Further, upon review of the results from this test, it appears Plaintiff was directed to have a "*full cardiac workup* because of a *high suspicion* for cardiac ischemia based upon this test." (Tr. 403) (emphasis added). It does not appear Plaintiff ever sought this follow-up treatment as directed or ever received a specific diagnosis. Thus, the Court finds no basis for reversal on this issue.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of April 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE